| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
|---|---|
| | **Order Filed on August 22, 2016<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey** |
| In Re:<br><br>Clark Fuel Distributors, LLC,<br><br>Debtor. | Case No.:    15-11023<br><br>Chapter:    7<br><br>Judge:    CMG |
| Phillips 66 Company,<br><br>Plaintiff,<br>v.<br><br>Pakka and Son, LLC; East Coast Fuel, Inc.,<br><br>Defendants. | Adversary No.: 15-2109  (CMG) |

**ORDER REFERRING ADVERSARY PROCEEDING TO DISTRICT COURT FOR
CONSIDERATION OF ENTRY OF FINAL JUDGMENT AND ISSUING
<u>FINDINGS OF FACT AND CONCLUSSIONS OF LAW</u>**

The relief set forth on the following pages numbered two (2) through six (6) is hereby **ORDERED**.

**DATED: August 22, 2016**

Honorable Christine M. Gravelle
United States Bankruptcy Judge

Case No.: 15-2109
Case Name: Phillips 66 Company v. Pakka and Son, LLC, et a.l.

___

    This matter having been brought before the Court upon the motion of plaintiff, Phillips 66 Company ("Phillips 66") for entry of final judgment against defendants,[1] East Coast Fuel, Inc. ("East Coast") and Pakka and Son, LLC ("Pakka and Son"),[2] and the Court having considered all of the papers submitted, together with any arguments of counsel, and for good cause shown; it is hereby

    **ORDERED** that pursuant to the Consent Order re: Jurisdiction filed in this matter at ECF Docket No. 39, Adversary Proceeding No. 15-2109, the case shall be referred to the United States District Court for the District of New Jersey for consideration of entry of final judgment against defendants East Coast and Pakka and Son.

    Also pursuant to the Consent Order regarding Jurisdiction, and for the benefit of the United States District Court for the District of New Jersey in considering entry of final judgment against defendants East Coast and Pakka and Son, this Court issues the following Findings of Fact and Conclusions of Law.

**Findings of Fact and Conclusions of Law[3]**

    Findings of Fact

1. On or about June 8, 2012, East Coast and Pakka and Son each executed an unconditional guaranty, jointly and severally, of all present and future indebtedness of Clark Fuel Distributor LLC ("Clark Fuel") to Phillips 66 in order to induce Phillips 66 to extend credit to, or do business with, Clark Fuel.

2. Specifically, East Coast and Pakka and Son (jointly referred to as "the Corporate Guarantors") executed their respective guaranties in conjunction with Light Oil Sales Agreements entered into by Phillips 66 and Clark Fuel, including the Light Oil Sales Agreement dated October 1, 2014, which is the contract underlying the debt at issue in this lawsuit (the "Contract"). The East Coast Guaranty and the Pakka and Son Guaranty (jointly referred to as "the Corporate Guaranties") applied to agreements entered into between Phillips 66 and Clark Fuel on a continuing basis, including the Contract, unless and until the

---

[1] The motion also requested the voluntary dismissal without prejudice of certain claims and for severance. Those requests for relief have been disposed of by separate order (ECF Docket No. 43).

[2] Defendant Amarjit Pakka filed an individual Chapter 7 bankruptcy. While the claims against him individually remain, they have been stayed and are not included in this referral.

[3] To the extent that any findings of fact might constitute conclusions of law, they are adopted as such. Conversely, to the extent that any conclusions of law constitute findings of fact, they are adopted as such.

Corporate Guarantors notified Phillips 66, in writing, not to enter into further agreements based on the Corporate Guaranties. The Corporate Guaranties included guarantees of payment for fuel delivered to Clark Fuel.

3. The Corporate Guarantors did not send any notice to terminate further agreements with Clark Fuel prior to execution of the Contract, or prior to Clark Fuel purchasing the fuel at issue.

4. The Corporate Guaranties provide that, "Should [Phillips 66] decide it is necessary to recover from Guarantor through collection activities, Guarantor shall (to the fullest extent permitted by law) be liable to [Phillips 66] for the costs of such collection and/or attorney fees."

5. The Corporate Guaranties also provide that, "THIS GUARANTEE SHALL BE CONSTRUED AND ENFORCED IN ACCORDANCE WITH AND GOVERNED BY THE LAWS OF THE STATE OF TEXAS WITHOUT REGARD TO THAT STATE'S CHOICE OF LAW PRINCIPLES."

6. On or about October 1, 2014, Phillips 66 entered into the Contract. Pursuant to the terms of the Contract, Clark Fuel agreed to purchase a minimum volume of fuel from Phillips 66 on credit, and agreed it would make payment in full to Phillips 66 ten days after Clark Fuel obtained the fuel from the fuel terminal.

7. The Contract provides that, "THIS AGREEMENT SHALL BE GOVERNED BY THE LAWS OF THE STATE OF TEXAS (WITHOUT GIVING EFFECT TO THE CONFLICT OF LAWS PROVISIONS THEREOF).

8. None of the three defendants provided written notice to Phillips 66 that they were revoking their guarantees before Phillips 66 entered into the Contract or before Phillips 66 sold fuel to Clark Fuel under the Contract.

9. Clark Fuel ordered and received fuel pursuant to the agreement. Clark Fuel refused to pay for the fuel it received pursuant to the Contract and failed to pay invoices that were sent, received, and became due beginning on or about October 23, 2014.

10. The amount of fuel for which Clark Fuel has refused to pay amounts to $3,529,797.00.

11. On or about November 10, 2014, Phillips 66 sent written demand to East Coast for payment of debt owed.

12. On or about November 26, 2014, Phillips 66's outside counsel sent written demand to East Coast for payment of the debt owed.

13. East Coast has failed and refused to satisfy the debt.

14. On or about November 10, 2014, Phillips 66 sent written demand to Pakka and Son for payment of debt owed.

15. On or about November 26, 2014, Phillips 66's outside counsel sent written demand to Pakka and Son for payment of the debt owed.

16. Pakka and Son has failed and refused to satisfy the debt.

17. To date, Phillips 66 has incurred $61,254.00 in attorney fees and $6,726.52 in expenses in attempting to collect the debt at issue from Defendants and in prosecution of Phillips 66's claims against Defendants.

18. On January 20, 2015 Clark Fuel filed a Chapter 7 bankruptcy petition, designated as Case No. 15-11023.

19. On April 23, 2015, Phillips 66 filed the present lawsuit in the United States District Court for the District of New Jersey ("District Court").

20. On May 29, 2015, the District Court *sua sponte* ordered Phillips 66 to show cause as to the jurisdictional facts supporting personal jurisdiction over the limited liability company defendant, Pakka and Son, and as to other matters regarding local rule certifications.

21. Phillips 66 filed its response to the District Court's show cause order, including its Amended Complaint, on June 15, 2015.

22. On June 17, 2015, the District Court found the jurisdictional allegations and other aspects of Phillips 66's response sufficient, rescinded its show cause order, and transferred Phillips 66's suit to the United States Bankruptcy Court for the District of New Jersey ("Bankruptcy Court").

23. The parties entered into a consent order submitting to the Bankruptcy Court's jurisdiction to hear the adversary proceeding and issue findings of fact and conclusions of law, but refused to consent to the entry of final judgment by the Bankruptcy Court (ECF Docket No. 39).[4]

24. On February 16, 2016, Phillips 66 filed a Motion for Summary Judgment against East Coast, Pakka and Son, and Amarjit Pakka as to the counts of the complaint for breach of contract and attorney fees (ECF Docket No. 27).

25. On February 26, 2016 Defendants requested an adjournment of the March 15, 2016 hearing on the Motion for Summary Judgment. The Bankruptcy Court granted the request, adjourning the hearing date for three (3) weeks to April 5, 2016.

26. On March 2, 2016, defendant Amarjit Pakka filed a Chapter 7 bankruptcy petition, designated as Case No. 16-13852.

27. Defendants did not file a response to the Phillips 66 Motion for Summary Judgment.

---

[4] Though the Consent Order was agreed to and submitted sometime in July 2015, for unknown reasons it was not docketed until July 6, 2016.

28. On April 5, 2016 the Bankruptcy Court granted Phillips 66's Motion for Summary Judgment as to the Corporate Guarantors in the amount of: 1) the unpaid principal amount of $3,529,797; 2) post-judgment interest in accordance with 28 U.S.C. § 1961 at the annual rate of 6.2% from the date of the judgment until the entire amount is paid; 3) reasonable attorney's fees in the amount of $61,254 and litigation expenses of $6,726.52; and, 4) costs of court. An order entered April 11, 2016 memorialized the ruling (ECF Docket No. 31).

29. On June 18, 2016, Phillips 66 filed a Motion to Sever Certain Claims; Enter Final Judgment; and Dismiss Certain Claims without prejudice (ECF Docket No. 38). On July 7, 2016 the Corporate Guarantors filed opposition to the motion (ECF Docket No. 40).

30. The Corporate Guarantors did not appear at the July 12, 2016 hearing on the motion. The Bankruptcy Court ruled on the portions of the motion regarding involuntary dismissal of claims and severance, but re-scheduled the hearing with regards to its jurisdiction to enter final judgment to allow counsel for the Corporate Guarantors another opportunity to appear.

31. At the August 2, 2016 re-scheduled hearing, the Corporate Guarantors declined to consent to issuance of final judgment by the Bankruptcy Court. The Bankruptcy Court ruled that, pursuant to the Consent Order regarding jurisdiction, it would prepare findings of fact and conclusions of law for referral to the United States District Court for the District of New Jersey for consideration of entry of final judgment.

Conclusions of Law

32. The choice-of-law clause providing for the application of Texas law is enforceable, as it does not offend the public policies of the New Jersey and the contract bears some relationship to Texas, in that the Contract and Corporate Guaranties were formed and entered into with Phillips 66, which maintains its principal place of business in Houston, Texas. Cohen v. Indep. Blue Cross, 820 F. Supp. 2d 594, 602 (D.N.J. 2011)(citations omitted)

33. The facts establish that Clark Fuel breached the Contract.

34. Under Texas law, the elements of a breach of contract claim are 1) the existence of a valid contract; 2) performance or tendered performance by the plaintiff; 3) breach of the contract by the defendant; and 4) damages to the plaintiff resulting from that breach. Woodhaven Partners, Ltd. v. Shamoun & Norman, L.L.P., 422 S.W.3d 821, 837 (Tex. App.-Dallas 2014, no pet.)(citations omitted).

35. The Contract is a valid contract. Under the Contract, Clark Fuel agreed, among other things, to purchase an annual minimum volume of fuel and to make payment for such fuel within ten days. Phillips 66 performed by providing Clark Fuel with the fuel it ordered. Beginning on or about October 23, 2014, Clark Fuel breached the Contract when it refused to make payment for $3,529,797.00 in fuel that it ordered and received from Phillips 66 on credit. Clark Fuel failed and refused to make payment for the fuel it ordered and received in the amount of $3,529,797.00 causing damage to Phillips 66 in that amount.

36. The facts establish that the Corporate Guarantors breached the Corporate Guaranties.

37. In a guaranty agreement, one obligates himself to pay the debt of another in consideration of a benefit given to the principal. See Tex. Bus. & Com. Code § 26.01(b)2).

38. To obtain summary judgment on a guaranty agreement, a party must conclusively prove: 1) the existence and ownership of the guaranty contract; 2) the performance of the terms of the contract by plaintiff; 3) the occurrence of the condition on which liability is based; and 4) guarantor's failure or refusal to perform the promise. Hasty v. Keller HCP Partners, L.P., 260 S.W.3d 666, 669 (Tex. App.- Dallas 2008, no pet.)(citations omitted).

39. The Corporate Guaranties exist and Phillips 66 has the right to recover on them because both name Phillips 66 as the obligee to which the Corporate Guarantors guaranteed the debt of Clark Fuel. Phillips 66 performed the terms of the Contract, which was secured in part by the Corporate Guaranties, by extending credit to, and doing business with, Clark Fuel. The Corporate Guarantors are liable to Phillips 66 because Clark Fuel failed to make payment for the fuel that it purchased and received from Phillips 66. Phillips 66 has made written demand the Corporate Guarantors and each has failed and refused to make payment as required by their respective guaranty agreements.

40. A guarantor's liability on a debt is measured by the principal's liability unless a more extensive or more limited liability is expressly set forth in the guaranty agreement. See Western Bank Downtown v. Carline, 757 S.W.2d 111,113 (Tex. App.- Houston [1st Dist.] 1988, writ denied). The Corporate Guarantors each agreed that they would be jointly and severally liable for "the full and prompt payment of all present and future indebtedness" of Clark Fuel. Therefore, the Corporate Guarantors are jointly and severally liable to Phillips 66 for $3,529,797.00 (not including attorney fees, costs, or interest).

41. Phillips 66 is entitled to recover its attorneys' fees and costs pursuant to the express terms of the Corporate Guaranties, which provide that, "should [Phillips 66] decide it is necessary to recover from Guarantor through collection activities, Guarantor shall (to the fullest extent permitted by law) be liable for the costs of such collection and/or attorneys fees."

42. As of February 16, 2016, Phillips 66 is entitled to $61,254.00 in reasonable attorneys' fees and $6,726.52 in litigation expenses.